UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMY VICTORIA RAMIREZ RODRIGUEZ,

                Plaintiff,

-against-

VANESSA E. MORALES, *et al.*,

                Defendants.

19-CV-4409 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

    Plaintiff brings this *pro se* action under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12112-12117; the ADA's retaliation provision, 42 U.S.C. § 12203(a), and 42 U.S.C. § 1981, alleging that her employer discriminated and retaliated against her based on her disability. Because Plaintiff names individual defendants, the Court construes the complaint as also asserting claims under the New York State Human Rights Law (NYSHRL). By order dated May 24, 2019, the Court granted Plaintiff's request to proceed *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff brings this barebones employment discrimination complaint, asserting that Defendants discriminated against her during her employment at J.P. Morgan Chase (JPMC) during the summer of 2014. She alleges that she "is of protected status," that she "requested reasonable accommodation," was "harassed by Defendant," and "terminated due to Defendant's failure to accommodate her disability." (Compl. at 5.) She claims that the discrimination occurred at JPMC's Manhattan and Brooklyn offices. In her attached charge filed with the U.S. Equal Employment Opportunity Commission (EEOC), Plaintiff asserts that Defendants discriminated against because of her "qualifying disabilities." (*Id.* at 10.)

In addition to naming JPMC as a defendant, she also names individuals, though she does not state any facts suggesting their personal involvement. Specifically, she names Vanessa Morales from "compliance," Tara Griffin, Legal Counsel, and Stacey Friedman, General Counsel. Plaintiff requested and received an early Notice of Right to Sue from the EEOC. The Notice, attached to the complaint, shows that she timely filed this action here. (*Id.* at 8.)

In the relief section of the complaint, in addition to seeking money damages, Plaintiff seeks injunctive relief; specifically, she seeks an order directing "JPMC to design or purchase and incept [sic] an ADA-Awareness training program for all employees and an ADA-Management training program for employees who supervise others . . . [with] Plaintiff . . . featured in both training programs." (*Id.* at 6.)

On February 8, 2019, Plaintiff filed another employment discrimination action in this Court against Morgan Stanley, Morgan Stanley Wealth Management, and individual employees,

alleging that from March 2015 to October 2016, they discriminated against her based on her disabilities (morbid obesity, attention deficit disorder, and major depression), in violation of the ADA and § 1981. *See Rodriguez v. Gorman*, No. 19-CV-1270 (CM) (S.D.N.Y. Mar. 21, 2019). On March 21, 2019, Chief Judge McMahon transferred the action to the District of New Jersey, because Plaintiff asserted that the discrimination occurred in Morgan Stanley's Paramus, New Jersey office. *See Rodriguez v. Gorman*, No. 19-CV-9104 (CCC) (JBC) (case opened in District of New Jersey on Mar. 29, 2019). On May 13, 2019, the defendants in that action moved to dismiss Plaintiff's amended complaint. *Id.* (ECF No. 12.)

## DISCUSSION

**A.   Plaintiff fails to state any facts supporting her ADA claim against JPMC**

"The ADA prohibits discrimination against a 'qualified individual on the basis of disability' in the 'terms, conditions, and privileges of employment.'" *Kinneary v. City of New York*, 601 F.3d 151, 155 (2d Cir. 2010) (quoting 42 U.S.C. § 12112(a)). A person is disabled under the ADA if the person has "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A).

This antidiscrimination provision prohibits employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

3

At the pleading stage in an employment discrimination action, "a plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). A plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.*

Plaintiff fails to state a claim that JPMC discriminated against her based on her disability because she does not state any facts describing the nature of her disability, what occurred during her summer at JPMC, what type of accommodation she requested, the reasons given, if any, for her termination, or why she believes the termination was based on her disabilities.

The Court grants Plaintiff leave to amend her complaint to assert any facts suggesting that JPMC violated the ADA.

### B. Plaintiff fails to state a claim under the ADA against any of the individual defendants

Plaintiff sues individual defendants. But under the federal employment anti-discrimination statutes, individuals may not be held liable. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995) (holding that "an employer's agent may not be held individually liable under Title VII"); *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) (holding that the ADA's retaliation provision "cannot provide for individual liability"); *see, e.g.*, *Burris v. Hous. & Servs. Inc.*, No. 17-CV-9289 (JGK), 2019 WL 1244494, at *5 (S.D.N.Y. Mar. 18, 2019) (noting that "individuals cannot be held liable under the ADA"); *Garvey v. Town of Clarkstown, New York*, No. 13-CV-8305 (KBF), 2018 WL 1026379, at *8 (S.D.N.Y. Feb. 22, 2018) (holding that "[t]he ADA applies to employers; it does not confer individual liability") (citing *Spiegel*, 604 at 79 (2d Cir. 2010)), *aff'd sub nom. Garvey v. Sullivan*, No. 18-656, 2019 WL 2142530 (2d Cir. May 15, 2019).

But Plaintiff may be able to assert claims under the NYSHRL against the individual defendants. *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015) ("The NYSHRL [does] provide[] for individual liability under an aiding-and-abetting theory.") (citing *Feingold v. New York*, 366 F.3d 138, 157-58 (2d Cir. 2004)).

Plaintiff does not state how the individual defendants discriminated or retaliated against her. The Court therefore grants Plaintiff leave to state any facts showing that the individual defendants participated in any unlawful discriminatory conduct.

### C. Plaintiff does not state a claim under 42 U.S.C. § 1981

To state a claim under § 1981, a plaintiff must allege that she "is a member of a racial minority," that the defendant discriminated against her because of her race, and the discrimination concerned one or more of the activities enumerated in the statute, such as making and enforcing a contract. *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). Plaintiff asserts that Defendants discriminated against her because of her disability. As § 1981 does not protect against this type of discrimination, the statute does not apply to the facts of this case. The Court therefore dismisses Plaintiff's § 1981 claims for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND

Plaintiff is granted leave to amend her complaint to detail her ADA claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-4409 (CM). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: June 6, 2019
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.

_____

_____
Write the full name of each plaintiff.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

-against-

Do you want a jury trial?
☐ Yes    ☐ No

_____

_____

_____
Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

# AMENDED
# EMPLOYMENT DISCRIMINATION COMPLAINT

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name          Middle Initial          Last Name

_____
Street Address

_____
County, City                    State                   Zip Code

_____
Telephone Number                Email Address (if available)

### B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1: _____
             Name

             _____
             Address where defendant may be served

             _____
             County, City           State           Zip Code

Defendant 2: _____
             Name

             _____
             Address where defendant may be served

             _____
             County, City           State           Zip Code

Defendant 3:

---
Name

---
Address where defendant may be served

---
County, City          State          Zip Code

## II. PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

---
Name

---
Address

---
County, City          State          Zip Code

## III. CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

- ☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

    The defendant discriminated against me because of my (check only those that apply and explain):

    - ☐ race: _____
    - ☐ color: _____
    - ☐ religion: _____
    - ☐ sex: _____
    - ☐ national origin: _____

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

    My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

    I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

    My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

    My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B. Other Claims**

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV. STATEMENT OF CLAIM

### A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☐ terminated my employment
- ☐ did not promote me
- ☐ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☐ retaliated against me
- ☐ harassed me or created a hostile work environment
- ☐ other (specify): _____

### B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____
_____
_____
_____
_____
_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐ Yes (Please attach a copy of the charge to this complaint.)

  When did you file your charge? _____

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☐ Yes (Please attach a copy of the Notice of Right to Sue.)

  What is the date on the Notice? _____

  When did you receive the Notice? _____

☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☐ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____            _____
Dated                                      Plaintiff's Signature

_____            _____
First Name        Middle Initial           Last Name

_____
Street Address

_____            _____
County, City                    State      Zip Code

_____            _____
Telephone Number                           Email Address (if available)


I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address          City          State          Zip Code

_____
Telephone Number          E-mail Address

_____
Date          Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007